*OFFICE OF THE CHAPTER 13 STANDING TRUSTEE*
**William H. Clunn, III, Esquire**
**Cherry Tree Corporate Center**
**535 Route 38, Suite 580**
**Cherry Hill, NJ 08002**
**(856) 663-5002**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**(Camden)**

_____

| | |
|---|---|
| **IN RE:** | **CASE NO. 19-28930 (ABA)** |
| **CLIFFORD CARTER** | |
| **REGINA CARTER** | |
| Debtor(s). | **CERTIFICATION REGARDING OBJECTION TO MOTION TO VACATE DISMISSAL ORDER** |

_____

I, William H. Clunn, III, am a Staff Attorney for Isabel C. Balboa, the Chapter 13 Standing Trustee (the "Trustee"), and am authorized to make this certification on behalf of the Trustee.

1. I am personally familiar with the matters set forth herein and am qualified to testify about them.

2. This Court has exclusive jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 11 U.S.C. § 105.

3. On July 13, 2021, the Court heard oral arguments regarding Debtors' Motion to Vacate Dismissal Order (Doc 112.)  The Court ordered Debtors to correct all errors and admissions no later than July 30, 2021; otherwise, the motion would be denied.  The Court requested the Trustee provide a status by August 2, 2021.

4. On July 23, 2021, Debtors filed a Modified Chapter 13 Plan in accordance with the CARES Act proposing payments of $1,000 for 84 months commencing June 1, 2020.

Part 9 of the modified plan states the plan is being modified to incorporate a Mortgage Forbearance for May, June and July 2021, and extends the length of plan to 7 years (84 months.)

5. The modified plan is still incorrectly proposing a total plan length of 91 months. Part 4a states that NewRez shall be paid $22,461.58 through the Chapter 13 Plan. Pursuant to the secured proof of claim filed on November 19, 2019, the pre-petition mortgage arrears total $22,451.58. Debtors propose to cure post-petition arrears due to NewRez by capitalizing arrears through the plan; however, Debtors do not list an amount of post-petition arrears to be cured through the plan. Proof Debtors entered into a Mortgage Forbearance Agreement with the mortgagee has yet to be provided. A Notice of Mortgage Forbearance has not been filed by with the Court. There is no Order rolling post-petition arrears into Debtors' case, nor has a Supplemental Proof of Claim for CARES Forbearance Claim been filed with the Court. The Trustee cannot ascertain the amount of post-petition arrears, if any, to be paid to NewRez through the Chapter 13 Plan.

6. The modified plan removes the treatment of the secured proof of claim filed by U.S. Bank, N.A. in the amount of $9,737.49 for the property located at 504 Godfrey Avenue, Philadelphia, PA (Claim No. 6), and the secured proof of claim filed by The Bank of New York Mellon in the amount of $12,799.43 for the home equity loan for Debtor's residence (Claim No. 7.)

7. A Notice of Chapter 13 Plan Transmittal did not accompany the Certificate of Service filed on July 23, 2021. Additionally, only New Rez and its counsel was served with a copy of the modified plan. Debtors failed to serve any other creditors with a copy of the modified plan.

8. The Trustee further notes that Debtors are proposing a plan payment in the amount of $1,000 per month. Debtors filed Amended Schedules I and J on October 27, 2020 (Doc 79.) Amended Schedule J lists a net monthly income in the amount of $331.16 per month. Debtors have not demonstrated how a plan payment in the amount of $1,000 per month is feasible.

9. Based on the foregoing, there has been no substantive change since Debtors' case was dismissed. Therefore, the Trustee requests Debtors motion be denied.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me is willfully false, I am subject to punishment.

Dated:   August 2, 2021                    By:    */s/William H. Clunn, III*
                                                   William H. Clunn, III
                                                   Staff Attorney